# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:02CR00078 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DAVID CLARENCE WARD,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Defendant David Clarence Ward, a federal inmate, has filed a motion to set aside or vacate his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, I will deny the motion and grant the United States' Motion to Dismiss.

The defendant was sentenced by this court on May 2, 2003, after pleading guilty to possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). The predicate offense for his § 924(c) conviction is bank robbery by force and violence, in violation of 18 U.S.C. § 2113(a), (d). He was sentenced to 300 months imprisonment.

On June 24, 2016, Ward filed a pro se motion pursuant to 28 U.S.C. § 2255. The court appointed the Federal Public Defender to represent him, who filed an amended § 2255 motion on Ward's behalf. It was contended that Ward's sentence

was invalid based upon the holdings of the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (invalidating the residual clause of the "crime of violence" definition in the Armed Career Criminal Act ("ACCA") as unconstitutionally vague), and *Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson* applied retroactively to collateral review). The United States filed a Motion to Dismiss, which made two arguments, the first being that even if the residual clause of § 924(c) is constitutionally infirm, the Fourth Circuit has held that bank robbery by force or violence falls within the scope of § 924(c)(3)(A) rather than the residual clause. Second, the government asserted that even if § 924(c)'s "crime of violence" definition is vague in its totality, Ward's Plea Agreement forecloses automatic relief because the government agreed to dismiss the bank robbery charge in return for the guilty plea.

Ward's § 2255 motion was held in abeyance while the Supreme Court and the Fourth Circuit heard related vagueness challenges. *See Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (invalidating the residual clause of the "crime of violence" definition in the Immigration and Nationality Act's definition of an aggravated felony, which originated from § 16(b)'s definition); *United States v. Simms*, 914 F.3d 229, 252 (4th Cir. 2019) (holding that the residual clause of the "crime of violence" definition in § 924(c)(3)(B) was unconstitutionally vague, but noting that § 924(c)(3)(A) does not suffer from the same vagueness concerns). As relevant to

Ward's § 2255 motion, the Supreme Court recently invalidated the residual clause of § 924(c). *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019). The *Davis* Court reasoned that § 924(c)(3)(B) suffered from the same unconstitutional vagueness as the ACCA's residual clause. The United States has filed a Supplemental Response to address the applicability of the *Davis* decision to Ward's § 2255 motion, and the matter is now ripe for decision.[1]

A "crime of violence" is defined in § 924(c)(3) as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Prior to *Davis*, the residual clause in § 924(c)(3) encompassed any felony offense that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). The first clause of the statute is referred to as the "force" clause, while the second clause is known as the "risk of force" clause and was found to be unconstitutionally vague in *Davis*.

Ward contends that his § 924(c) conviction rests on the invalidated residual clause, so that his conviction must be set aside. However, the government is correct that the Fourth Circuit has determined that bank robbery by force or violence qualifies as a crime of violence pursuant to § 924(c)(3)(A) rather than the residual

---

[1] No reply has been filed to the Supplemental Response.

clause. *United States v. McNeal*, 818 F.3d 141, 152–53, 157 (4th Cir. 2016) (holding

that the crime of federal bank robbery, which may be committed by "force and

violence, or by intimidation," qualifies as a crime of violence under the force clause,

because the statute necessarily "involves the threat to use [physical] force."), *cert.*

*denied*, 137 S. Ct. 164 (2016).[2]  As such, Ward's § 924(c) conviction is not disturbed

by *Davis*, because his predicate offense of federal bank robbery falls under §

924(c)(3)(A) rather than the invalidated residual clause.[3]

For these reasons, the defendant's Motion to Vacate, Set Aside, or Correct

Sentence will be denied based upon the United States' Motion to Dismiss.  A

separate final order will be entered forthwith.

ENTER:  November 13, 2019

/s/  James P. Jones_____
United States District Judge

---

[2]  The Fourth Circuit recently reaffirmed its reasoning and holding in *McNeal* in
determining that Hobbs Act robbery qualifies as a crime of violence pursuant to
§ 924(c)(3)(A) rather than the residual clause.  *United States v. Mathis*, 932 F.3d 242, 266
(4th Cir. 2019).

[3]  I do not address the United States' argument that Ward's Plea Agreement
forecloses automatic relief.