# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:02CR00078 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **DAVID CLARENCE WARD,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*David Clarence Ward, Pro Se.*

The defendant, a federal inmate, has filed a pro se motion seeking to reduce his sentence. For the following reasons, I will deny the motion.

The defendant was sentenced by this court on May 2, 2003, after pleading guilty to use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The predicate crime for this conviction was bank robbery by force and violence, in violation of 18 U.S.C. § 2113(a), (d). *See United States v. McNeal*, 818 F.3d 141, 152–53, 157 (4th Cir. 2016) (holding that the crime of federal bank robbery, which may be committed by "force and violence, or by intimidation," qualifies as a crime of violence under the force clause, because the statute necessarily "involves the threat to use [physical] force."), *cert. denied*, 137 S. Ct. 164 (2016). The court imposed a mandatory minimum consecutive sentence of 300 months' (25 years) imprisonment. 28 U.S.C § 924(c)(1)(C)(i), (D)(ii).

At the time of his plea and sentencing by this court, Ward was serving a sentence of 430 months' imprisonment imposed by the United States District Court for the Western District of North Carolina on February 10, 2003, for conviction of bank robbery, armed bank robbery, possession of firearm during a crime of violence, and possession of a firearm by felon.  Suppl. Report ¶ 11, ECF No. 67.  The sentence imposed by this court was directed to run consecutive to any prior sentence.

Ward is presently confined at FCI Mendota, a medium security facility, and has a projected release date of April 16, 2054.  He is 66 years of age.

In his motion, Ward seeks relief under 18 U.S.C. § 3582(c)(1) and (2).  He asserts no valid ground under subsection (c)(1).  As to subsection (c)(2), the defendant contends that his sentence is unfairly disparate from any sentence that could be imposed today, because it is "stacked" or consecutive with the 18 U.S.C. § 924(c) sentence imposed in North Carolina.  That contention is also without merit.

Prior to the enactment of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), a second or subsequent conviction under 924(c) triggered a 25-year mandatory minimum sentence even if the prior conviction was obtained in the same case.  *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020).  The First Step Act changed the law so that such a sentence is now "reserved for recidivist offenders, and no longer applies to multiple § 924(c) convictions obtained in a single

prosecution." *Id.* (internal quotation marks and citation omitted). Ward's prior conviction falls within the new version of § 924(c) and there is no disparity.

Ward also cites his good record in prison, remorse for his prior conduct, and a desire for him to return home to visit with one of his disabled sisters. However, I do not find that these reasons amount to "extraordinary and compelling" reasons for his release. 18 U.S.C. § 3582(c)(1)(A)(i).[1]

Accordingly, it is **ORDERED** that the Motion to Reduce Sentence, ECF No. 69, is DENIED.

The Clerk shall send a copy of this Order to the defendant.

ENTER: November 10, 2022

/s/ JAMES P. JONES
Senior United States District Judge

---

[1] In any event, I find that the proper factors under 18 U.S.C. § 3553(a), particularly the need to protect the public from further crimes of the defendant, points against any reduction in sentence. The defendant is a serial bank robber. In addition to the convictions described herein, he was also convicted of armed bank robbery in the United States District Court for the Eastern District of Tennessee in 1991 and sentenced to a total of 117 months' imprisonment. Presentence Investigation Report ¶ 42, ECF No. 67-1. He also has numerous state convictions for burglaries occurring in the years of 1985 through 1990. *Id.* ¶¶ 37, 39–41.